**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV10-02151 JAK (RZx) | Date | June 11, 2012 |
| Title | Thomas Jefferson Cares v. County of Los Angeles, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| R. Neal for Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Thomas J. Cares, pro se | Karen C. Joynt |

**Proceedings:**      **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION (Dkt. 99)**

**PLAINTIFF'S MOTION TO APPOINT COUNSEL, REOPEN DISCOVERY AND CONTINUE TRIAL (Dkt. 109)**

**TRIAL SETTING CONFERENCE**

The motion hearing is held. The Court states its detailed, tentative views on the record. Plaintiff's Opposition to Defendants' motion for summary judgment was untimely and not procedurally proper. Nonetheless, substantial Ninth Circuit authority requires that the Court liberally construe the oppositions of pro se civil rights plaintiffs to defendants' motions. *See Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996); *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). The Court has considered all the materials presented by Plaintiff, including his Verified First Amended Complaint and his Opposition, as well as those of Defendants, and finds that genuine issues of material fact are presented regarding whether excessive force was employed during the time of Plaintiff's confinement at Men's Central Jail in March 2008.

Plaintiff has presented insufficient evidence to support his proposed supervisory liability against Defendants Baca, Conte, Rodriguez, Johnson, Olmstead, and Burns, or *Monell* liability against the County of Los Angeles and the Los Angeles County Sheriff's Department. The news articles Plaintiffs cites are inadmissible hearsay. However, Plaintiff has requested additional time to prepare evidence, which the Court interprets as a request for additional time under Rule 56(d). For the purpose of determining whether it would be fruitful to allow Plaintiff additional time to conduct discovery, the Court takes judicial notice of various hearings and inquiries into the conditions and alleged violence at Men's Central Jail, which suggest that Plaintiff may be able to obtain additional evidence in support of his supervisory and *Monell* liability claims. The Court does not take judicial notice of the truth of any of contents of the hearings, but does take notice of the opportunity for additional evidence generated by such hearings or from those who may have testified at such hearings. Thus, Court is inclined not to grant summary judgment as to supervisory and *Monell* liability at this time, given the liberal construction afforded pro se civil rights plaintiffs, Plaintiff's Rule 56(d) request, and the judicially noticed hearings. However, Plaintiff will need to proffer additional, competent evidence to support his claims of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV10-02151 JAK (RZx) | | Date | June 11, 2012 |
| Title | Thomas Jefferson Cares v. County of Los Angeles, et al. | | | |

supervisory and *Monell* liability at the time of trial, with an offer of such proof to be presented at the Final Pretrial Conference through the process described below. Any further extension of dates in this matter is unwarranted. Given that this case was filed in March 2010, and that the alleged events took place in March 2008, the Court is not inclined to delay trial further or to reopen discovery, especially given the numerous postponements already permitted in this case. Plaintiff has not made a sufficient showing to warrant additional delay.

Plaintiff has been representing himself for approximately seven months. No meaningful discovery has been sought by Plaintiff. This lack of diligence does not warrant a further continuance of the trial date. The Court is also not persuaded that a different outcome is appropriate because Plaintiff has spent some time outside the United States during the last several months.

The supervisory defendants may be liable only if they participated in the alleged misconduct (of which there is no allegation here), or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). This causal connection can be established by a defendant's setting in motion a series of acts by others; by a defendant's knowingly refusing to terminate a series of acts by others; through the training, supervision, or control of subordinates; by acquiescence in the constitutional deprivation; or by conduct that shows a reckless or callous indifference to the rights of others.

The Court is inclined to grant Defendants' motion as to conspiracy to deprive Plaintiff's civil rights, because Plaintiff has made no showing sufficient to create a genuine issue of material fact with respect to an alleged conspiracy or a cover-up with respect to the alleged misconduct. The Court is inclined to grant Defendants' motion as to deliberate indifference to serious medical needs, because Defendants offered to provide Plaintiff with medical care at the Central Jail, but Plaintiff declined to remain at the jail for such treatment, thereby declining it. The Court is inclined to grant Defendants' motion as to Plaintiff's bail claims, because Plaintiff brings these claims under the Fourth, not Eighth, Amendment, and because Plaintiff has not named any defendants involved in the setting and alleged delay of bail.

Plaintiff and counsel for Defendants address the Court regarding the issues it raises, including: (1) Plaintiff's lack of representation, (2) judicial notice, and (3) Plaintiff's bail theory under the Fourth Amendment.

The Court adheres to its tentative views and GRANTS Defendants' motion for summary judgment, as to the first cause of action, for conspiracy to deprive civil rights; the sixth cause of action, deliberate indifference to serious medical needs; and the second and third causes of action, to the extent they rely on Plaintiff's bail or cover-up theory. The Court DENIES Defendants' motion as to the second and third causes of action, to the extent they seek to impose liability on the individual non-supervisory defendants for the alleged use of excessive force, because Plaintiff has presented sufficient evidence in his Verified Complaint and Opposition to create a genuine issue of material fact regarding the events resulting from Plaintiff's detention. The Court DENIES Defendants' motion as to the second and third causes of action, to the extent they seek to impose liability on the supervisory defendants based on the use of excessive force; and as to the fifth cause of action, for *Monell* liability based on excessive force. However, Plaintiff will need to present competent, admissible evidence to support his theories of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV10-02151 JAK (RZx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | Thomas Jefferson Cares v. County of Los Angeles, et al. | | |

supervisory and *Monell* liability.

The Court confers with Counsel and sets the following dates:

July 17, 2012                                        Trial, 9 a.m.

July 2, 2012                                         Final Pretrial Conference, 3 p.m.

On or before June 28, 2012, Plaintiff shall present to counsel for Defendants and file with the Court a description of the evidence Plaintiff will proffer to support his theories of supervisory and *Monell* liability. This evidence will be discussed at the Final Pretrial Conference. If Plaintiff presents new evidence to which Defendants require an opportunity to respond, Defendants shall request as such. The parties shall meet and confer and work together to prepare jury instructions, verdict forms, witness lists, and so on. All parties shall comply with the Court's Standing Order regarding the Final Pretrial Conference and trial preparation. Defendants may file any Motions in Limine once Plaintiff has made his offer of proof.

Given that Plaintiff has insufficiently explained his delay in conducting discovery, the Court DENIES Plaintiff's request to reopen discovery. Any new evidence must be obtained via subpoena.

The parties shall meet and confer prior to the Final Pretrial Conference regarding settlement.

**IT IS SO ORDERED.**

                                                                                          :    37

                                                        Initials of Preparer    ak